UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHERINE S.,

                                Plaintiff,

                                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                Defendant.
_____

                                DECISION AND ORDER

                                20-CV-1776L

## PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner").

On May 31, 2018, plaintiff, then fifty-four years old, filed an application for a period of disability and disability insurance benefits under Title II of the Act, alleging disability beginning on August 23, 2013. That application was denied on August 9, 2018. (Dkt. #19 at 30). Plaintiff requested a hearing, which was held on February 3, 2020 via videoconference before administrative law judge ("ALJ") Sharda Singh. Plaintiff and vocational expert Elizabeth C. Laflamme appeared and testified.

The ALJ issued a decision on March 16, 2020, finding plaintiff not disabled. (Dkt. #9 at 30-39). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 5, 2020. (Dkt. #9 at 1-3). This appeal followed.

The plaintiff has moved for judgment on the pleadings requesting remand of the matter for further proceedings (Dkt. #16), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #17), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-settled five step sequential evaluation, and the Court assumes the reader's familiarity therewith. *See Bowen v. City of New York*, 476 U.S. 467, 470 71 (1986). See 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, reflecting treatment for C5-6 anterior cervical discectomy and fusion, lumbar spondylosis with disc bulging and degenerative disc disease at L2-3, and lumbar radiculopathy. The ALJ found that these were severe impairments not meeting or equaling a listed impairment. (Dkt. #9 at 32).

The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work, except that she requires the ability to sit down for 1-2 minutes after every 30 minutes of standing (while remaining on task), can never climb ladders, ropes or scaffolds, and can no more than occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. She can no more than frequently perform gross and fine manipulations with her left non-dominant hand, and must avoid hazards such as unprotected heights. (Dkt. #9 at 33).

When presented with this RFC at the hearing, the vocational expert testified that an individual with these limitations could perform the representative light exertion positions of electronics sub assembler, mail sorter, and price marker. (Dkt. #9 at 38). The ALJ accordingly found plaintiff not disabled.

**I.    The ALJ's RFC Finding**

Plaintiff primarily argues that the ALJ's RFC finding was not supported by substantial evidence, because it was not supported by any medical opinion evidence of record, and amounted to an improper substitution of the ALJ's lay opinion for competent medical opinion.

The Court concurs. The record contained only opinions from only two medical sources, neither of which was sufficient for the ALJ to make a well-supported RFC finding. Plaintiff's treating pain management specialist, Dr. Andrew Matteliano, examined plaintiff on several occasions between September 2013 and April 2014. He noted a longstanding history of back pain, noted significantly reduced spinal range of motion, and opined that plaintiff was totally and permanently disabled from the physical demands of her previous job as a developmental aide. (Dkt. #9 at 330-31, 332-33, 334-35, 336-37, 338-39, 340-41, 342-33). On August 7, 2018, state agency reviewer Dr. Gary Ehlert opined simply that the record was not sufficiently complete to permit adjudication of plaintiff's claim. (Dkt. #9 at 155). The ALJ found Dr. Matteliano's opinion to be unpersuasive because it provided no function-by-function analysis of plaintiff's limitations, and found Dr. Ehlert's opinion unpersuasive because "there were additional records provided since his review," although the ALJ did not identify those records. (Dkt. #9 at 36).

While the Court finds no error in the ALJ's determination that these medical "opinions" were not persuasive, the lack of other medical opinion evidence in the record presented an obvious gap which deprived the ALJ's RFC finding of adequate evidentiary support.

As a general rule, although an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his [or her] decision," *Matta v. Astrue*, 508 Fed. App'x 53, 56 (2d Cir. 2013), "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Maria J. v. Commissioner*, U.S. Dist. LEXIS 233237 at *14-*15 (W.D.N.Y. 2020) (quoting *Wilson v. Colvin*, 2015 U.S. Dist. LEXIS 27804 at 54 (W.D.N.Y. 2015)). Thus, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities,' . . . the Commissioner 'may not make the connection h[er]self.'" *Maria J.*, 2020 U.S. Dist. LEXIS 233237 at *15 (quoting *Nanartowich v. Commissioner*, 2018 U.S. Dist. LEXIS 82649 at *27-*28 (W.D.N.Y. 2018)).

It is true that in certain circumstances, where the medical evidence shows physical impairments so minor as to permit the ALJ to "render a common sense judgment about functional capacity," *Dagonese v. Commissioner*, 2020 U.S. Dist. LEXIS 100124 at *14 (W.D.N.Y. 2020), an ALJ may formulate an RFC finding based on other evidence of record, such as treatment notes and activities of daily living. *See Tankisi v. Commissioner*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order) ("remand is not always required when an ALJ fails in his duty to request opinions, particularly where, as here, the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity"). However, such circumstances are absent here.

Initially, plaintiff's impairments were not "minor": as the ALJ found, plaintiff suffered from a number of cervical and lumbar severe spinal impairments, confirmed by imaging studies, which had required multiple surgeries and ongoing pain management. (Dkt. #9 at 32, 35).

Furthermore, even if plaintiff's impairments had been minor and the ALJ had thus been entitled to make a "common sense" determination untethered to any medical opinion, the ALJ's RFC finding was not sufficiently supported by the record. In explaining her decision, the ALJ cited to a number of "normal" examination findings (e.g., normal gait, normal strength, and negative straight leg raising tests), as well as plaintiff's activities of daily living, and in particular, her ability to drive a motor vehicle. (Dkt. #9 at 35-36). With respect to plaintiff's treatment records, the Court observes that the "normal" findings identified by the ALJ were contradicted by abnormal findings in other treatment records which the ALJ failed to discuss or reconcile, including observations of antalgic gait, positive straight leg raising tests, spinal trigger point tenderness, limited cervical and lumbar spinal range of motion, and reduced sensation and deep tendon reflexes in the knees and ankles. (Dkt. #9 at 330-49, 417; Dkt. #10 at 704-05; Dkt. #11 at 941, 1006, 1009, 1012-14, 1174, 1177, 1180, 1522).

With respect to plaintiff's activities of daily living, the activities upon which the ALJ relied, such as driving occasionally, shopping for groceries, or playing bingo, do not necessarily correspond to an ability to perform the postural and exertional demands of a range of light work, such as lifting up to 20 pounds, and engaging in significant standing and walking. In any event, "[c]onsideration of . . . lay testimony is not a substitute for proper consideration of a [] physician's medical opinion." *Greek v. Colvin*, 802 F.3d 370, 376 (2d Cir. 2015). *See also Maddox v. Saul*, 2020 U.S. Dist. LEXIS 168956 at *19 (W.D.N.Y. 2020)("[a]lthough the ALJ relied on [p]laintiff's testimony regarding his activities of daily living, that evidence is insufficient [by itself] to support [a] finding of 'light work'").

In sum, the record lacked any medical opinion offering a function-by-function assessment of plaintiff's abilities, and plaintiff's treatment notes and activities of daily living did not contain

sufficient information about her particular exertional and postural limitations to support the detailed RFC determination reached by the ALJ. As such, the ALJ's findings amounted to an improper substitution of her "own expertise or view of the medical proof [in place of] any competent medical opinion," and remand is appropriate. *Greek*, 802 F.3d 370 at 375.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings (Dkt. #16) is granted, the Commissioner's cross motion (Dkt. #17) is denied, and the matter is remanded for further proceedings. On remand, the ALJ is directed to complete the record by recontacting plaintiff's treating and examining physicians, and/or obtaining consultative medical opinions, with the goal of obtaining specific function-by-function assessments of plaintiff's residual functional capacity. The ALJ must then reach a new disability determination which is supported by substantial evidence.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 18, 2022.