UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHARINE S.,

                                                          DECISION AND ORDER

                           Plaintiff,

                                                         20-CV-1776L

                  v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                           Defendant.
_____

       Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #26). Pursuant to a contingent fee agreement permitting an award of attorneys fees of up to 25% of the past-due benefits award, plaintiff's counsel, William C. Bernhardi, seeks an award of $23,760.25 (less than 25% of the award for past-due benefits), and will refund to plaintiff the amount previously awarded for attorney fees under the Equal Access to Justice Act ("EAJA"). The Commissioner does not oppose plaintiff's motion. (Dkt. #28).

       The Court finds that the amount of the requested fee is reasonable, in light of the character of the representation, the expertise of counsel, the results that were achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). The Court has reviewed the time

records submitted by plaintiff's attorney (Dkt. #26-5), and I find no evidence of undue delay,[1] waste, or duplication of effort.

The Court has also considered the deference that is owed to agreements between an attorney and client, the interest in assuring future representation for disability claimants, and the lack of any factor suggesting that the requested award would result in a windfall, and notes that the amount sought does not exceed (and is, in fact, less than) the statutory 25% cap, and/or the 25% of awarded benefits to which counsel is entitled under plaintiff's fee agreement. *See* 42 U.S.C. §406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

With respect to whether the requested award would result in a windfall, the amount of attorney's fees that counsel stands to receive – $23,760.25 – results in a *de facto* hourly rate of $726.61 for 32.7 hours of time. This is well within the range of awards approved in recent, similar cases. *See e.g., Fields v. Kijakazi*, 24 F.4th 845, 2022 U.S. App. LEXIS 2628 (2d Cir. 2022)(approving *de facto* rate of $1,556.98 as reasonable for New York City firm); *Campana v. Saul*, 2020 U.S. Dist. LEXIS 122259 at *4 (W.D.N.Y. 2020)(approving hourly rate of $1,000, which although "very high by Western New York standards" was justified by the need to incentivize counsel to accept contingency-fee cases); *McDonald v. Commissioner*, 2019 U.S. Dist. LEXIS 51643 at *5-*6 (W.D.N.Y. 2019) (*de facto* rate of $1,051.64 is not unreasonable); *Baker v. Colvin*, 2014 U.S. Dist. LEXIS 109038 at *4 (W.D.N.Y. 2014)(*de facto* rate of $1,308.79 is not unreasonable).

Nonetheless, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371

---

[1] Counsel requested a single two-month extension of time to file papers in this matter, and has voluntarily deducted 25% of the past due benefits for those two months from the fee request, to account for that delay.

(2d Cir. 1990). Further, the Second Circuit has cautioned against overreliance on a lodestar analysis of hourly rates in determining whether a requested fee would result in a windfall, holding that "[f]or a district court to find that the fee provided by a contingency fee agreement in [disability] cases is unreasonable, and to do so solely on the grounds that the amount requested is a windfall, it must first be truly clear that the fee is *unearned* by counsel." *Fields*, 2022 U.S. App. LEXIS 2628 at *3, *21-*22 (emphasis added). *See also McDonald*, 2019 U.S. Dist. LEXIS 51643 at *4 (a "lodestar analysis may also be helpful in analyzing the windfall factor but the lodestar figure does not determine reasonableness").

"Among the factors to be considered [in considering whether a requested fee would be a windfall] are the ability and expertise of the lawyers and whether they were particularly efficient." *Fields*, 2022 U.S. App. LEXIS 2628 at *15-*16. Indeed, "[i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency," by reducing a high *de facto* hourly rate that is simply the result of accomplished lawyers doing "what other lawyers might reasonably have taken twice as much time to do." *Id*., 2022 U.S. App. LEXIS 2628 at *17 (citing *Jeter v. Astrue*, 622 F.3d 271, 380-81 (5th Cir. 2010)).

Moreover, "courts should consider the nature and length of the professional relationship with the claimant – including any representation at the agency level – when determining whether a requested fee can truly be deemed a windfall." *Id*. at *17. Although fees for such work are not compensable under Section 406(b), "consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significant of the result achieved in district court.'" *Id*. at *17-*18 (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)).

3

The Court is persuaded, upon consideration of all of the factors relevant to determining reasonableness, that the fee requested here would not be a windfall. In so finding, the Court takes note of counsel's 35 years of experience in the field of Social Security disability law, and his firm's appreciable investment of time and effort in this matter over a period of five years, beginning at the administrative level, despite uncertainties inherent in any Social Security appeal.

The results obtained – a favorable decision and an award of benefits, in the amount of $97,765.00 – likewise militate in favor of approving the requested fee. Notably, even the Commissioner agrees that "there is no evidence of fraud or overreaching" in counsel's fee request, and makes no objection to it. (Dkt. #28 at 4).

For these reasons, I find, as the Second Circuit did in *Fields*, that "the fee requested [is] the product of efficient and effective representation, which drew upon [counsel's] substantial experience and expertise and was informed by the firm's representation of [plaintiff] through years of agency proceedings." *Id*., 2022 U.S. App. LEXIS 2628 at *21. The application is, accordingly, granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Dkt. #26) in the amount of $23,760.25 is granted. The award is to be made payable to William C. Bernhardi Law Offices, PLLC, attorneys for plaintiff.

If counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 15, 2023.